UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHITA ALIPERIO and EMILE HERIVEAUX,<br><br>        Plaintiffs,<br>v.<br><br>BANK OF AMERICA, N.A., Successor by Merger to BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS, INC.; and KEARNY BANK, formerly known as KEARNY FEDERAL SAVINGS BANK,<br><br>        Defendants. | Civ. No. 16-01008 (KM-MAH)<br><br>OPINION |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the motion (ECF no. 27) of the *pro se* plaintiffs, Chita Aliperio and Emile Heriveaux, pursuant to Fed. R. Civ. P. 60(d)(3), to vacate the Court's prior Order (ECF no. 26)[1] and Opinion ("Op.", ECF no. 25) dismissing the Complaint. The Order that the plaintiffs seek to vacate granted motions to dismiss filed by defendants Kearny Bank ("Kearny") (ECF no. 16), and by defendants Countrywide Home Loans, Inc. ("Countrywide"), and Bank of America, N.A. ("BANA") (ECF no. 15). For the reasons stated herein, plaintiff's motion to vacate will be denied.

Fed. R. Civ. P. 60 authorizes a motion for relief from a judgment or order. Rule 60(b) generally provides that such a motion may be based on "fraud." Fed. R. Civ. P. 60(b)(3). Rule 60(d) more specifically provides that the rule "does not limit a court's power to: ... (3) set aside a judgment for fraud *on the court.*" Fed.

---

[1] The docket identifies the relevant Order is ECF no. 24. The Clerk is requested to correct the reference.

1

R. Civ. P. 60(d)(3) (emphasis added). To prevail on a claim of fraud on the court, the movant must demonstrate by clear and convincing evidence the following four elements:

> "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) that in fact deceives the court.'"
> *Herring v. United States*, 424 F.3d 384, 390 (3d Cir. 2005); *Thompson v. Eva's Vill. and Sheltering Program*, 2009 WL 3486050, at *10 (D.N.J. Oct.28, 2009).

*Estate of Sinclair v. Cty. of Union*, No. CIV.A. 05-55 KSH, 2011 WL 3417115, at *2 (D.N.J. Aug. 3, 2011). Such a fraud consists of some "unconscionable plan or scheme which is designed to improperly influence the court in its decision." *Hatchigan v. Int'l Bhd. Of Elec. Workers Local 98 Health & Welfare Fund*, 610 F. App'x 142 (3d Cir. 2015) (quoting *Booker v. Dugger*, 825 F.2d 281, 283 (11th Cir. 1987) and *Pizzuto v. Ramirez*, 783 F.3d 1171, 1180 (9th Cir. 2015)).

The fraud on the Court alleged by the plaintiffs is that "Attorney Stephen J. Steinlight which is an officer of the Court, substituted two defendants, Bank of America, N.A., Successor by Merger to BAC Home Loans Servicing, LP F/K/A Countrywide Home Loans Servicing LP ("BANA-BAC") and Countrywide Home Loans, Inc. ("Countrywide") by Bank of America, N.A. ("BANA") which is not a Defendant in this RICO Complaint. By substituting the two defendants by a non-defendant, the RICO action was dismissed." (Pl. Brf. at 2, ECF no. 27-1) Defendant Kearny is alleged to have participated in the fraud when it "knowingly and willfully joined Bank of America, N.A. ("BANA") for its defense." *Id.* at 3.

The basis for the claim of fraud is not altogether clear. Part of it seems to be that BANA's counsel allegedly implied (in motions for an extension of time) that "BAC Home Loans Servicing, LP F/K/A/ Countrywide Home Loans, Inc." was a defendant in its own right, as opposed to being just the predecessor of BANA. (*See* Affidavit, ECF no. 27-2 at ¶¶ 5–6) BANA is, however, a defendant, as everyone seems to agree. As I noted in my prior Opinion, the Complaint

*names* BANA as a party.[2] My Opinion also states that Countrywide Home Loans, Inc. ("Countrywide") and Bank of America, N.A. ("BANA")—separate defendants—have jointly filed one of the two motions to dismiss (ECF no. 15).

In any event, however, the Court was not deceived or defrauded into holding as it did. The basis of the dismissal was that the Complaint failed to allege that the plaintiffs had suffered a constitutional injury-in-fact or that they possessed RICO standing. (*See* Op. Analysis § 3.) The allegations raised an inference that, at best, some injury had been inflicted and suffered as between third parties. Whatever the claim of "fraud on the court" may be, it does not affect the basis of the Court's ruling.[3]

---

[2] Here is the caption of the plaintiffs' complaint:

> CHITA ALIPERIO; and
> EMILE HERIVEAUX;
>
> Plaintiffs,
>
> vs.
>
> BANK OF AMERICA, N.A.,
> Successor by Merger to
> BAC Home Loans
> Servicing, LP F/K/A/
> Countrywide Home Loans
> Servicing, LP;
> COUNTRYWIDE HOME
> LOANS, INC.; and
> KEARNY FEDERAL
> SAVINGS BANK;
>
> Defendants.

(ECF no. 1) Inexplicably, the plaintiffs objected to "F/K/A" being rendered as "formerly known as" by the clerk. (ECF no. 6)

[3] In the alternative, I may consider this as a motion for reconsideration. Local Rule 7.1(i) governs such motions. (I overlook the 14-day deadline.) Such a motion must specifically identify "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." *Id.* Reconsideration is granted sparingly, and only in three situations: (1) when there has been an intervening change in the law; (2) when new evidence has become available; or (3) when necessary to

## CONCLUSION

For the reasons expressed above, the plaintiff's motion (ECF no. 27) to vacate this Court's prior Order of dismissal (ECF no. 26) is DENIED. A separate Order accompanies this Opinion.

Dated: May 30, 2017

    _____
    KEVIN MCNULTY
    United States District Judge

---

correct a clear error of law or to prevent manifest injustice. *See North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Carmichael v. Everson*, 2004 WL 1587894 (D.N.J. May 21, 2004). "A motion for reconsideration is improper when it is used 'to ask the Court to rethink what it had already thought through – rightly or wrongly.'" *Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990) (quoting *Above the Belt v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983)). Nothing in this motion approaches the threshold for reconsideration. It contains nothing that was not, or could not have been, raised in connection with the original motions. The alleged switching of parties, for example, was raised in the plaintiffs' brief in opposition to the motions to dismiss. (ECF no. 18 at 16)